UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LISA COGBURN**                                                                  **PLAINTIFF**

v.                          Civil No. 6:17 -cv-6129

**NANCY A. BERRYHILL, Commissioner**                   **DEFENDANT**
**Social Security Administration**

### MEMORANDUM OPINION

Lisa Cogburn ("Plaintiff") brings this action pursuant to §205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

On April 1, 2015, Plaintiff protectively filed her application. (Tr. 20, 183, 195). In her application, Plaintiff alleges she was disabled due to spinal degeneration and stenosis in her neck and back, bulging or herniated discs in her back, muscle spasms in her shoulder and left foot, kidney failure, neck stiffness, chronic pain, low blood pressure, metabolic disease, shortness of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr. ___"

breath, shock, blood infection, urinary tract infection, and depression with an alleged onset date of December 25, 2013. (Tr. 20,195, 250, 282). The claim was denied initially on August 17, 2015, and again upon reconsideration on October 10, 2015. (Tr. 20, 96-116, 116-18, 123-24).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 20, 126, 143). An administrative hearing was held on August 8, 2016, in Hot Springs, Arkansas. (Tr. 20, 34-70). At the administrative hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carrol. (Tr. 34-70). Plaintiff and Vocational Expert ("VE") Kathy Mundy testified at this hearing. *Id*. Plaintiff's sister, Gladys V. Kreider, also testified. *Id*. On the date of this hearing, Plaintiff testified she was forty-seven (47) years old, which is defined as a "younger person" under 20. C.F.R. § 416.963(c) (SSI), and testified she had graduated from high school. (Tr. 39-40).

On January 24, 2017, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 17-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 21, 2016. (Tr. 22, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 25, 2013, the initial application date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the back and depression. (Tr. 22, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22-23, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined her RFC. (Tr. 24-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and

2

determined they were not entirely consistent with the evidence in the record. *Id*. Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: the claimant could occasionally climb, stoop, crouch, kneel, and crawl. She can lift ten pounds, performing work at the sitting position for six to eight hours of an eight-hour workday, one to two hours with no restrictions. The claimant can stand or walk for one to two hours out of an eight-hour day with no restrictions and no more than one-half hour at a time. She is restricted in bilateral reaching overhead because of pain. She is limited to unskilled, rote activities. The claimant can understand, remember, and follow concrete instructions. She can have superficial contact with the general public, coworkers, supervisors. The claimant can meet, greet, make change, and give simple instructions and directions.

*Id*.

With the assistance of the Vocational Expert, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was unable to perform any of her PRW. (Tr. 27, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of a hand sorter, final assembler, or hand labeler. (Tr. 27-28, Finding 10). The ALJ based this determination upon the testimony of the Vocational Expert. (Tr. 27-28, Finding 10). The ALJ found Plaintiff was not disabled for the duration of the relevant time period, from December 25, 2013, through December 31, 2016. (Tr. 28, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 179). Plaintiff submitted additional medical evidence to the Appeals Council, none of which was considered. (Tr. 1-4, 8, 70-76). On October 31, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On December 12, 2017, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this

Court on December 12, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 16. This case is now ready for decision.

**2. Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit

has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id.*

In making his RFC determination, the ALJ gave substantial weight to the opinions offered by Dr. William Harrison and Dr. Rita Albright, non-examining physicians. (Tr. 26). The ALJ also gave substantial weight to the opinions of Michael Hazlewood, Ph.D., and Paula Lynch, Ph.D., who reviewed Plaintiff's records and offered residual functional capacity assessment. (Tr. 26, 90-91, 110-111).

However, he gave only partial weight to both consultative examiners, Kwan Park, M.D., and Linda Josef, Ph.D., despite stating that each of their opinions were consistent with the weight of the evidence. (Tr. 26-27). The ALJ did not offer any reasoning or explanation for affording either opinion less weight, nor did he explain why the opinions of the examining physicians was afforded less weight than the opinions offered by non-examining physicians and psychologists.

In particular, the ALJ failed to address Dr. Josef's finding that Plaintiff did not appear to be able to cope with basic work like tasks. (Tr. 26, 707). The ALJ noted Dr. Josef diagnosed Plaintiff with persistent depressive disorder of moderate severity. (Tr. 26). The ALJ also found that from an adaptive functioning point of view, Dr. Josef concluded the claimant could adequately communicate and interact, displayed a limited capacity to attend, and sustain concentration and persistence. (Tr. 26). The ALJ did not review any more of Dr. Josef's findings. (Tr. 26-27). As noted, the ALJ failed to consider Dr. Josef's opinion the Plaintiff did not appear to be able to cope

with basic work like tasks. (Tr. 707). Dr. Josef also opined that Plaintiff displayed psychomotor slowing and inattentiveness and did not demonstrate the ability to perform mental status-like tasks within a basically acceptable timeframe. (Tr. 707-708). The ALJ did not address these opinions anywhere in his RFC analysis, nor did he give any reasons for discounting Dr. Josef's opinion. Accordingly, a remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's mental RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

4. **Conclusion**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**ENTERED** this 7th day of February 2019.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE